UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS DOMINIC SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>L. THOMAS, et al.,<br><br>    Defendants. | Case No. 17-cv-00462-YGR (PR)<br><br>**NOTICE REGARDING INABILITY TO SERVE DEFENDANTS HANSEN, DORFMAN, AND GEORGE; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS** |

This Order addresses issues regarding service as well as a discovery matter in the above-captioned action.

## I. DEFENDANT M. HANSEN

Service has been ineffective on Defendant M. Hansen. On July 31, 2017, Melissa Thornton, the litigation coordinator at Pelican Bay State Prison ("PBSP"), informed the Court that they could not accept service on behalf of Defendant Hansen because he was a "contracted employee with Management Solutions." Dkt. 16. The Clerk then served Defendant Hansen under seal using an address given by Tabitha Ford from Management Solutions, *see* dkt. 17, but it was returned as undeliverable on August 28, 2017 because it was "UNCLAIMED," *see* dkt. 32.

As Plaintiff is proceeding *in forma pauperis*, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). While Plaintiff may rely on service by the United States Marshal or, in this case, the procedure for requesting a defendant to waive the service requirement, "a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). When advised of a problem accomplishing service, a *pro se* litigant must "attempt to remedy any apparent defects of which [he] has knowledge." *Id.* Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 90 days after the filing of the

complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause"); *see also Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with a current address for Defendant Hansen.

## II. DEFENDANTS DORFMAN AND GEORGE

Service has also been ineffective on Defendants Dorfman and C. George.

In an Order entitled, Notice Regarding Inability to Serve Defendants Dorfman and George, dated August 15, 2017, the Court noted that it had been informed by Litigation Coordinator Thornton as follows: (1) "no forwarding address" exists for Defendant Dorfman because he has "moved to Fuji"; and (2) prison officials have been "unable to find a current or former employee with the name C. George." Dkt. 19 at 1 (citing Dkt. 13).

Plaintiff has since filed various motions in response to the Court's August 15, 2017 including these motions entitled as follows: (1) "Motion to Substitute True Name for Fi[c]ticious Name Pursuant to Fed. R. Civ. P. 15(c)(1)(C)"; (2) "Motion – Requesting the Court to Appoint a Process Server; pursuant to Fed. R. C. P. Rule 4"; (3) "Request for Order Allowing Amendment to Complaint"; and (4) "Motion to Produce Documents and Tangible Things or to Enter Onto Land Pursuant to Rule 34(c) Fed. R. Civ. P." Dkts. 33-36.

### A. Defendant George

Plaintiff requests that the Court substitute the first initial of Defendant PBSP Correctional Officer "C. George" to "D. George" based on a document Plaintiff has produced indicating the correct first initial of this Defendant. *See* Dkts. 33, 35; *see also* Dkt. 34, Ex. A. Plaintiff's motions relating to this request are GRANTED, including his motions entitled, "Motion to Substitute True Name for Fi[c]tici ous Name Pursuant to Fed. R. Civ. P. 15(c)(1)(C) and "Request for Order Allowing Amendment to Complaint." Dkts. 33, 35. Plaintiff's complaint is amended only to the extent that "C. George" is replaced with "D. George." The Clerk shall substitute "D. George" in the place of "C. George" in the Court's electronic database. The Clerk is directed to

2

1  reissue service on Defendant PBSP Correctional Officer D. George with new copies of the Notice
2  of Lawsuit and Request for Waiver of Service of Summons as well as all the documents outlined
3  in the Court's July 18, 2017 Order of Service.

### B. Defendant Dorfman

As to the service issues relating to Defendant Dorfman, Plaintiff has filed a motion requesting the production of documents, including "any and all documentation generated and collected by the Hiring Authority . . . at [PBSP] and or [the California Department of Corrections and Rehabilitation] that refer to Defendant Dorfman['] s first and last name, date of birth, place of birth, social security number, current/and former home address(es), landline and/or cellular mobile phone numbers" as well as "any and all documents" relating to this Defendant's "emergency contact information." Dkt. 36 at 2-4. Plaintiff is advised that while Rule 34 authorizes a party to make requests for production of documents, the request should be served upon the opposing party and not the Court. Therefore, Plaintiff's motion is DENIED. Dkt. 36. Plaintiff shall serve Defendants directly with his discovery requests.

Plaintiff has also filed a request to "appoint a process server." Dkt. 34. Such a request is unnecessary as Plaintiff is proceeding *in forma pauperis* and, as explained above, he may rely on service by either the United States Marshal or the procedure for requesting a defendant to waive the service requirement. Therefore, Plaintiff's request to "appoint a process server" is DENIED. Dkt. 34.

The Court notes that Litigation Coordinator Thornton indicated that Defendant Dorfman "moved to Fuji" and that he was "out of the country, in a remote are, and left no forwarding information." Dkt. 13. Thus, service was ineffective on Defendant Dorfman. As mentioned above, if service is ineffective on a defendant and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m). Because Plaintiff has shown that he is making efforts to obtain Defendant Dorfman's current address, the Court GRANTS him an extension of time to obtain such information. Accordingly, no later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with current address for Defendant Dorfman.

3

**III. CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's "Motion to Substitute True Name for Fi[c]tici ous Name Pursuant to Fed. R. Civ. P. 15(c)(1)(C) and "Request for Order Allowing Amendment to Complaint" are GRANTED. Dkts. 33, 35. Plaintiff's complaint is amended only to the extent that "C. George" is replaced with "D. George." The Clerk shall substitute "D. George" in the place of "C. George" in the Court's electronic database. The Clerk shall reissue service on **Defendant PBSP Correctional Officer D. George** with new copies of the Notice of Lawsuit and Request for Waiver of Service of Summons as well as all the documents outlined in the Court's July 18, 2017 Order of Service.

2. Plaintiff's motion requesting the production of documents is DENIED. Dkt. 36. Plaintiff shall serve Defendants directly with his discovery requests.

3. Plaintiff's request to "appoint a process server" is DENIED. Dkt. 34.

4. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with current address for *both* Defendants M. Hansen and Dorfman.

Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of these Defendants.

If Plaintiff fails to provide the Court with the current address of Defendants Hansen and Dorfman within the twenty-eight-day deadline, all claims against these Defendants will be dismissed without prejudice under Rule 4(m).

5. This Order terminates Docket Nos. 33-36.

IT IS SO ORDERED.

Dated: September 26, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge